Robert B. Jobe (Cal. State Bar #133089)
LAW OFFICE OF ROBERT B. JOBE
550 Kearny Street, Suite 200
San Francisco, CA 94108
Tel: (415) 956-5513
Fax: (415) 840-0308

Attorney for Plaintiff.

UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULDEEP SINGH BRAR,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTINA POULOS, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES, CALIFORNIA SERVICE CENTER; EMILIO T. GONZALEZ, DIRECTOR, U.S. CITIZENSHIP AND IMMIGRATION SERVICES; U.S. CITIZENSHIP AND IMMIGRATION SERVICES; MICHAEL CHERTOFF, DEPARTMENT OF HOMELAND SECURITY; DEPARTMENT OF HOMELAND SECURITY; MICHAEL B. MUKASEY, U.S. ATTORNEY GENERAL,<br><br>    Defendants. | No. CV 07 6333<br><br>COMPLAINT FOR RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT |

## COMPLAINT

By and through his undersigned attorney, plaintiff, KULDEEP SINGH BRAR ("Mr. Brar"), as and for his complaint, alleges as follows:

### PRELIMINARY STATEMENT

1. Mr. Brar is a U.S. citizen who petitioned the U.S. Citizenship and Immigration Services ("USCIS," formerly the Immigration and Naturalization Service) for an immigrant visa on behalf of his sister, Lakhvir Kaur. Although Mr. Brar thereafter provided USCIS an updated mailing address, USCIS did not send its Request for Evidence ("RFE") to that address. Consequently, Mr. Brar did not respond to the RFE and USCIS denied his petition.

Plaintiff's Complaint

Two weeks after that denial, Mr. Brar's wife spoke to a USCIS representative about the status of the petition, and the USCIS failed to inform her of its decision. Despite acknowledging its failure to inform Mr. Brar of its decision via telephone, and ignoring Mr. Brar's evidence that he had notified the USCIS of his new address, the USCIS refused to reopen Mr. Brar's I-130 visa petition. By of this complaint, Mr. Brar challenges that refusal.

## JURISDICTION

2. Jurisdiction over the subject matter of this civil action is conferred on this Court by 28 U.S.C. § 1331, as a civil action arising under the Constitution, laws, or treaties of the United States; 5 U.S.C. § 702, as a challenge to agency action under the Administrative Procedure Act ("APA"); and 28 U.S.C. §§ 2201 and 2202, as a civil action seeking, in addition to other remedies, a declaratory judgment.

## VENUE

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e), because Mr. Brar resides in this district and no real property is involved in this action. *See Stafford v. Briggs,* 444 U.S. 527, 544 (1980).

## STANDING

4. The APA affords a right of review to a person who is "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. Without question, plaintiff has been "adversely affected" by defendants' arbitrary refusal to reopen the erroneous denial of his I-130 petition.

## INTRA-DISTRICT ASSIGNMENT

5. Because a substantial portion of the events that gave rise to this lawsuit occurred in the County of Alameda, this case should be assigned to the Court's Oakland division.

## PLAINTIFF

6. Mr. Brar is a U.S. citizen who resides at 38856 Judie Way, Fremont, California 94536. On June 26, 2000, Mr. Brar filed an I-130 visa petition with the USCIS California Service Center ("CSC") on behalf of his sister, Lakhvir Kaur. Although Mr. Brar subsequently informed USCIS that he had changed his address, USCIS did not send its RFE to that address. Consequently, Mr. Brar did not respond to the RFE and USCIS denied his petition. Two weeks

Plaintiff's Complaint                                      2

after that denial, Mr. Brar's wife spoke to a USCIS representative about the status of the petition, and the USCIS failed to inform her of its decision. Despite acknowledging its failure to inform Mr. Brar of its decision via telephone, and ignoring Mr. Brar's evidence that he had notified the USCIS of his new address, the USCIS refused to reopen Mr. Brar's I-130 visa petition.

## **DEFENDANTS**

7. Christina Poulos is the Director of the California Service Center and, as such, is delegated the Attorney General's authority to direct the adjudication of petitions and applications for people residing within the Service's jurisdiction. Defendant Poulos is sued herein in her official capacity.

8. Emilio T. Gonzalez is the Director of the USCIS and, as such, has been delegated the authority to direct the administration of the USCIS, and to enforce the INA and all other laws relating to the immigration and naturalization of non-citizens. Defendant Gonzalez is sued herein in his official capacity.

9. The United States Citizenship and Immigration Services is the federal agency within the Department of Homeland Security ("DHS") that is responsible for the administration and enforcement of the Immigration and Nationality Act ("INA") and all other laws relating to the immigration and naturalization of non-citizens.

10. Michael Chertoff is the Secretary of the Department of Homeland Security, the executive department which contains the USCIS, and is sued herein in his official capacity. Defendant Chertoff is charged with the administration and enforcement of the Immigration and Nationality Act pursuant to INA § 103(a), 8 U.S.C. § 1103(a).

11. The Department of Homeland Security is the federal agency encompassing the USCIS, which is responsible for the administration and enforcement of the INA and all other laws relating to the immigration and naturalization of non-citizens.

12. Michael B. Mukasey, is sued in his official capacity as the Attorney General of the United States. Defendant Mukasey retains certain responsibilities for administration and enforcement of the immigration laws pursuant to 8 U.S.C. § 1103.

Plaintiff's Complaint                                     3

# FACTS

13. Immigrating from abroad is a two step process which involves (1) approval of a Petition for Alien Relative (Form I-130) filed by the U.S. citizen petitioner, and (2) the beneficiary's application for immigrant visa processing at a U.S. consulate once a visa number is available. Under the "preference system," the number of people who can immigrate each year is limited, and dependent upon (i) the relationship between the petitioner and beneficiary, and (2) the country in which the beneficiary was born. The date the visa petition (Form I-130) is filed with the USCIS becomes, upon approval of the I-130, the beneficiary's "priority date" in the preference system, i.e. the beneficiary's place in line for a visa. 22 C.F.R. § 42.43(a); 8 C.F.R. § 204.1(d). Siblings of U.S. citizens are in the fourth preference category, and generally have a lengthy wait for a visa number. *See* http://travel.state.gov/visa/frvi/bulletin/bulletin_3841.html (Visa Bulletin for December 2007, indicating that visa numbers are currently available for fourth preference immigrants from India with a priority date on or before August 15, 1996).

14. On June 26, 2000, Mr. Brar filed an I-130 visa petition with the USCIS California Service Center ("CSC") on behalf of his sister, Lakhvir Kaur. Two days later, the CSC mailed Mr. Brar a Receipt Notice acknowledging the filing and assigning his I-130 visa petition a receipt number, WAC-00-193-50053. *See* Att. 1 (*I-130 Receipt Notice*).

15. On or about October 15, 2003, Mr. Brar moved to a new residence, 4391 Gertrude Drive, Fremont, California 94536. Within five days, Mr. Brar mailed a letter to the CSC informing it of his change of address and asking that its records be updated accordingly. *See* Att. 2 (*Request for Change of Address for WAC-00-193-50053*).

16. In the first week of October 2005, Mr. Brar moved to 38856 Judie Way, Fremont, California 94536. His wife, Rajwinder Brar ("Mrs. Brar") contacted the USCIS by phone to update their address and to check on the status of Mr. Brar's I-130 visa petition. *See* Att. 3 (*Affidavit of Kuldeep Singh Brar*); Att. 4 (*Affidavit of Rajwinder Brar*). For unknown reasons, the USCIS failed to update Mr. Brar's address. *Id.*

17. In late November or early December of 2005, Mrs. Brar again contacted the USCIS to check on the status of the I-130 visa petition. *See* Att. 3 (*Affidavit of Kuldeep Singh*

Plaintiff's Complaint          4

*Brar*); Att. 4 (*Affidavit of Rajwinder Brar*). At that time, the USCIS informed Mrs. Brar that the I-130 visa petition file had been "closed" on September 30, 2005 because Mr. Brar had not responded to a RFE. *Id*. Mr. Brar was very surprised to hear about this, as he had neither received the RFE nor a letter informing him that his I-130 visa petition had been denied. *Id*.

18. The USCIS also informed Mrs. Brar that, although Mr. Brar could have filed a motion to reopen the I-130 petition within thirty days of the decision, by that time, the deadline had already passed. *See* Att. 3 (*Affidavit of Kuldeep Singh Brar*); Att. 4 (*Affidavit of Rajwinder Brar*). When Mrs. Brar asked why the USCIS had not previously told her about the denial, when she had called in early October and only ten days had passed since issuance of the decision, the USCIS representative indicated that he did not know, but acknowledged that Mr. Brar would have had twenty days to file a timely motion to reopen. *Id*.

19. On December 20, 2005, Mr. Brar wrote a letter to the USCIS, asking that his I-130 visa petition be reopened on the basis that he had never received a RFE nor a denial. *See* Att. 3 (*Affidavit of Kuldeep Singh Brar*); Att. 4 (*Affidavit of Rajwinder Brar*). In addition, Mr. Brar pointed out that although his wife had spoken to USCIS just ten days after the denial had been issued, the USCIS had failed entirely to inform her of the decision, thus precluding Mr. Brar from filing a timely motion to reopen. *Id*.

20. On February 17, 2006, Mr. Brar received a letter from USCIS denying his request to reopen the petition. *See* Att. 3 (*Affidavit of Kuldeep Singh Brar*); Att. 4 (*Affidavit of Rajwinder Brar*).

21. Upset, Mr. Brar sent the USCIS another letter in March 2006, again asking that his I-130 visa petition be reopened. *See* Att. 3 (*Affidavit of Kuldeep Singh Brar*); Att. 4 (*Affidavit of Rajwinder Brar*). Because the USCIS did not respond. Mr. Brar's wife called the USCIS on July 21, 2006. *Id*. At that time, Mrs. Brar was informed that the I-130 visa petition was "open." *Id*. Thinking that his request for reopening had been granted, Mr. Brar was extremely excited to hear the news. *Id*.

22. On August 15, 2006, however, Mr. Brar and his wife received an email from USCIS stating that the I-130 visa petition had been denied on September 30, 2005 and that his

Plaintiff's Complaint                                     5

motion to reopen had been denied on February 10, 2006. *See* Att. 3 (*Affidavit of Kuldeep Singh Brar*); Att. 4 (*Affidavit of Rajwinder Brar*). Mr. Brar was extremely confused by the conflicting information he was receiving from the USCIS. *Id.*

23. Mr. Brar subsequently retained an attorney who, on November 6, 2007, filed a motion to reopen his I-130 visa petition, attaching Mr. Brar's and Mrs. Brar's sworn affidavits. Att. 3 (*Affidavit of Kuldeep Singh Brar*); Att. 4 (*Affidavit of Rajwinder Brar*). On March 8, 2007, however, the USCIS denied the motion to reopen on the basis of untimeliness. *See* Att. E (*Denial of Motion to Reopen*).

24. Mr. Brar's I-130 visa petition was filed more than seven years ago. Despite Mr. Brar's and Mrs. Brar's sworn statements that they had never received USCIS's RFE or decision, and despite USCIS's acknowledgment that it had failed to inform Mrs. Brar of its decision by phone, USCIS denied, and refused to reopen, Mr. Brar's I-130 visa petition. Due to the extremely long waiting period for visa petitions filed on behalf of siblings, any new visa petition filed by Mr. Brar will lose all of the previously accrued waiting time and start from step one.

## FIRST CAUSE OF ACTION

### (Violation of the Administrative Procedure Act, 5 U.S.C. § 706)

25. Plaintiff repeats, alleges, and incorporates paragraphs 1 through 23 above as if fully set forth herein.

26. Plaintiff is a person aggrieved by agency action under the Administrative Procedure Act, 5 U.S.C. §§ 701 et. seq., for the reasons set forth below.

27. Defendants acted arbitrarily, capriciously and contrary to law in violation of the Administrative Procedure Act by failing to send its RFE and denial of Mr. Brar's I-130 visa petition to his updated address, by failing to inform his wife of its decision when she called the USCIS during the thirty day window to file a motion to reopen, and by refusing to reopen the I-130 petition, despite Mr. Brar's unrefuted evidence that he had notified the USCIS of his new address.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

(1) Accept jurisdiction over this action;

(2) Declare Defendants' denial of, and subsequent refusal to reopen, Mr. Brar's I-130 visa petition to be violation of the Administrative Procedure Act;

(3) Order the Defendants to immediately reopen Mr. Brar's I-130 visa petition and re-issue its Request for Evidence in order to allow him an opportunity to respond;

(4) Grant attorney's fees and costs of court under 28 U.S.C. § 2412, 28 U.S.C. § 1920, Fed. R. Civ. P. 54(d), and other authority; and

(5) Grant such other and further relief as this Court deems just and proper under the circumstances.

DATED: December 12, 2007        Respectfully submitted,

_____
Robert B. Jobe, Esq.
LAW OFFICE OF ROBERT JOBE
550 Kearny, Suite 200
San Francisco, CA 94108
(415) 956-5513
(415) 840-0308

Attorney for Plaintiff

1

Case 3:07-cv-06333-WHA    Document 1    Filed 12/13/2007    Page 8 of 19

U.S. Department of Justice
Immigration and Naturalization Service

Notice of Action

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER<br>WAC-00-193-50053 | | CASE TYPE  I130   IMMIGRANT PETITION FOR RELATIVE,<br>FIANCE(E), OR ORPHAN |
|---|---|---|
| RECEIVED DATE<br>June 26, 2000 | PRIORITY DATE | PETITIONER  A92 840 267<br>BRAR, KULDEEP S. |
| NOTICE DATE<br>June 28, 2000 | PAGE<br>1 of 1 | BENEFICIARY<br>KAUR, LAKHVIR |

KULDEEP S. BRAR
4212 LORREN DR 113
FREMONT CA 94536

Notice Type: Receipt Notice

Amount received: $ 110.00

Section: Sister or brother of U.S.
Citizen, 203(a)(4) INA

The above application or petition has been received. It usually takes 120 to 180 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect. Our customer service phone number is listed below.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number below to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case (at the top of this notice).

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
CALIFORNIA SERVICE CENTER
P. O. BOX 30111
LAGUNA NIGUEL CA 92607-0111
Customer Service Telephone: (949) 831 8427



2

Dated 10/20/2003

Immigration & Naturalization Service
California Service Center
P.O. Box 30111
Laguna Niguel, CA 92607-0111

SUBJECT : REQUEST FOR CHANGE OF ADDRESS FOR WAC-00-193-50053

Dear Sir,

Kindly note that we are in the process of moving from our existing residence to the following address:

NEW ADDRESS IS:

4391 GERTRUDE DR,
FREMONT CA 94536.

Please make necessary change in your records

Thanking you,

Yours truly,

*[signature]*

(Kuldeep Singh Brar)

Kuldeep SINGH BILAIL
43 91 Gertrude DR
Fremont CA
94536

Immigration Naturalization Service
California Service Center
P.O. Box 30111
Laguna Niguel CA
92607-0111

All Law - Forms - Leases and Tenancies - Rental Agreement ( Month-to-Month )     Page 1 of 2

Part of the  Network

# Looking For A Lawyer?



AllLaw.com Home                           Search AllLaw.com

Home >> Forms >> Leases and Tenancies >> Rental Agreement (Month-To-Month)

| Find A Lawyer |
| --- |
| Alabama |
| Find |
| By Find an attorney |

| Features |
| --- |
| Lawyer Of The Month |

| Legal Topics |
| --- |
| Bankruptcy |
| Business |
| Computers and Technology |
| Criminal |
| Employment |
| Family Law and Divorce |
| Intellectual Property |
| Legal |
| Tax Law |
| Wills, Trusts, and Estate Planning |
| More Topics... |

**RENTAL AGREEMENT (MONTH-TO-MONTH)**

*1st day of occupancy will be 10/25/03.*

Date: 10-2-03

Agreement between Linda Anastasio, Trustee for Laura L. Silva Estate. Owner, and Kuldeep and Rajwinder Brar, Tenant, for a dwelling located at 4391 Gertrude, Fremont, CA. 94536 (Location).

Tenant agrees to rent this dwelling on a month-to-month basis for $ ~~$1700~~ $850 per month, payable in advance on the 1st day of the calendar month. All other months (full months) will be $1,700/mo

The first month's rent for this dwelling is $ ~~~~ $850

The security/cleaning deposit on this dwelling is $1700. It is refundable if Tenant leaves the dwelling reasonably clean and undamaged.

Tenant will give 30 days notice in writing before moving and will be responsible for paying rent through the end of this notice period or

3

## Affidavit of Kuldeep Singh Brar

I, Kuldeep Singh Brar, attest that the following is true to the best of my knowledge:

1. I filed an I-130 Petition for my sister, Lakhvir Kaur, that was received by the U.S. Immigration and Naturalization Service on June 26, 2000. At that time, I was living at 4212 Lorren Drive #113, Fremont, California 94536.

2. We moved around October 15, 2003 to 4391 Gertrude Drive, Fremont, California 94536. When we moved we mailed a change of address form to the Immigration Service to let them know our new address.

3. Time passed and we did not hear anything about the I-130 petition after we received the receipt notice.

4. Around the first week of October 2005, we moved to 38856 Judie Way, Fremont, California 94536. This time, my wife, Rajwinder Brar, called USCIS to update our address by phone and to ask about the status of our file. Afterwards, she told me that the person she spoke to at USCIS would not let her change our address when she called and that they also refused to tell her the status of our petition.

5. Since we were very worried about what was happening with the petition for my sister, my wife decided to call USCIS again in late November or early December 2005. At that time, she was told that our file had been closed on September 30, 2005 because USCIS had sent us a letter requesting more evidence and we never responded.

6. We never received the letter USCIS says they sent asking for more evidence. At that time, we also had not received a letter telling us the I-130 petition was denied. Consequently, I was very surprised to find out our file had been closed.

7. The person at USCIS that told my wife about our file being closed also told her that I could have filed a motion to reopen within 30 days, but by that time the deadline had already passed. When my wife asked why USCIS had not told us that the filed was closed when she had called in early October, the USCIS official actually told her that he did not know why they had not told her because we would have had 20 days left at that time appeal.

8. Even though the deadline had passed, I wrote a letter to USCIS on December 20, 2005 and asked them to reopen my I-130 petition because I had never received the letter asking for more evidence or the letter telling me that the file had been closed. In addition, I thought it was very unfair that the USCIS worker my wife spoke to in early October 2005 could have told us that our file had been closed in time for me to ask for it to be reopened but did not.

9. On February 17, 2006 that my wife and I received a letter from USCIS telling us they had denied my request to reopen my I-130 petition. That was the very first letter we received from USCIS about the status of our petition.

10. We were so upset that I decided to send USCIS another letter in March 2006 asking again for them to reopen the I-130 file.

11. We did not hear anything from USCIS about this letter for a long time, so my wife called USCIS on July 21, 2006. At that time, she was told that the file was open. I was so excited to hear this news. I thought it meant my request to reopen had been granted.

12. However, on August 15, 2006, my wife and I received an email from USCIS that said my I-130 petition had been denied on September 30, 2005 and that my motion to reopen had been denied on February 10, 2006.

13. I am very confused. I do not understand why USCIS would not reopen the file when we never received their notices about sending more evidence and about closing the file. I also do not understand why they did not tell us on the phone about the status of our case and the opportunity to ask for the file to be reopened when we still had time to do so.

14. My sister and I have been waiting for six years now since I filed this petition. I am told that if I have to file a new I-130, we will lose all that time and we will have to go to the end of the line and wait twelve more years. It seems so unfair to lose all that time when I did everything I was supposed to do. I do not know why I did not get the notices from USCIS.

15. I respectfully ask the USCIS to please reopen my case because my wife and I never received any of the notices from them. We always told them whenever we changed our address, so I cannot explain why did not get the letters they sent. If we had, we truly would have responded. We have always been very responsible and have called and written USCIS many times to ensure things go right with my petition.

16. Please reconsider and reopen my I-130 petition so that my sister and I have not wasted the last six years waiting for nothing. It hurts to think that we may lose all that time because of some mistake that I do not think is my fault. I sincerely would not have done anything to risk the petition being denied. I love my sister too much for that.

Thank you very much,

*[signature: Kuldeep Singh Brar]*

Kuldeep Singh Brar
September 20, 2006
Fremont, CA

Subscribed and sworn to (affirmed) before me this 20th day of September, 2006 at Fremont, CA. My commission expires on July 13, 2008.

Signature of the officer administering the oath
*[signature: Kuldip Dhariwal]* Title: Notary Public

KULDIP DHARIWAL
COMM. #1500459
Notary Public-California
ALAMEDA COUNTY
My Comm. Exp. July 13, 2008

4

## Affidavit of Rajwinder Brar

I, Rajwinder Brar, attest that the following is true to the best of my knowledge:

1. My husband, Kuldeep Singh Brar, filed an I-130 Petition for his sister, Lakhvir Kaur, in June 2000. At that time, we were living at 4212 Lorren Drive #113, Fremont, California 94536.

2. We moved approximately October 15, 2003 to 4391 Gertrude Drive, Fremont, California 94536. After we moved, we mailed a change of address form to let the Immigration Service know our new address.

3. Lots of time passed after we received the receipt notice for the I-130 and we did not hear anything from the Immigration Service.

4. We moved again around the first week of October 2005 to 38856 Judie Way, Fremont, California 94536. Since we were wondering what was happening with the petition, I called USCIS right after we moved to tell them our new address and to ask them about the status of our file. When I called USCIS, they would not let me give them our new address over the phone. They also would not tell me anything about the status of our petition.

5. My husband and I were starting to get very worried because we had not heard anything about the I-130 for so long. So, I called USCIS again in late November or early December 2005. This time, USCIS told me that our file had been closed on September 30, 2005 because they had sent us a letter asking for more evidence and we did not respond.

6. I was totally taken by surprise. We never received the letter USCIS told me they sent about getting more evidence. We had not even received a letter telling us the I-130 was denied. This was the first we had heard anything about it.

7. The person that I spoke with at USCIS told me that my husband could have filed a motion to reopen within 30 days of the petition being denied but that time had already passed. I was so upset, I asked why I was not told when I called in October about this. The person only replied that he did not know why I was not told because we still would have had 20 days at that point to file a motion to reopen.

8. It was very upsetting that I had to tell my husband this news. We both felt it was so unfair that my husband decided to write a letter anyway, even if it was past the deadline. On December 20, 2005, he wrote a letter to USCIS asking them to reopen the I-130 petition because we had never received the letter asking for more evidence or a letter telling us that the file was closed.

9. On February 17, 2006, we received a letter from USCIS telling us they had denied my husband's request to reopen the I-130. That was the first letter we had received from USCIS about the I-130 petition since we got the receipt notice.

10. My husband and I were devastated, so he sent another letter to USCIS in March 2006 asking them to reopen the file. We did not hear anything about that letter for a long time.

11. On July 21, 2006, I called USCIS to ask about the letter requesting our file be reopened. When I called, they told me that the file was open. I was so excited that I asked the woman I spoke to, Ashleen, several times to make sure the information was right and each time she told me the file was open. They even gave me a reference number: TIF2020601209CSC. Because of this, I thought my husband's request to reopen the I-130 file had been granted.

12. However, on August 15, 2006, we received an email from USCIS that said the I-130 had been denied on September 30, 2005 and that the motion to reopen had been denied on February 10, 2006.

13. I do not understand how this happened. We never received a letter telling us they wanted more evidence or a letter telling us the I-130 was denied in September 2005. All of this information arrived too late for us to do anything to fix it.

14. I would like the USCIS to reopen my husband's I-130 petition because my husband and I never received any of the notices from USCIS. I feel we were very responsible. I called and wrote USCIS many times and I even told them when changed addresses.

15. I would like to ask the USCIS to reconsider and reopen the file so that my husband and sister-in-law have not wasted the last six years waiting only to have to start all over again. It is very, very hard to think that my husband and his sister will lose this chance and will have to wait so much longer.

Thank you,

*[signature]*

Rajwinder Brar
September 20, 2006
Fremont, CA

Subscribed and sworn to (affirmed) before me this 20th day of September, 2006. at Fremont, CA. My commission expires on July 13, 2008.

Signature of the officer administering the oath
*[signature]* Title: Notary Public



KULDIP DHARIWAL
COMM. #1500459
Notary Public-California
ALAMEDA COUNTY
My Comm. Exp. July 13, 2008